# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LINE CONSTRUCTION BENEFIT FUND, A HEALTH AND WELFARE FUND, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 15 C 2491 |
| BRIGHT STREET, LLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Late last week Bright Street, LLC ("Bright Street") filed its Answer and Affirmative Defenses ("ADs") to the ERISA action that had been brought against it by Line Construction Benefit Fund ("Fund"). This memorandum order is issued sua sponte to address some problematic aspects of that responsive pleading.

To begin with, Bright Street's counsel has coupled his invocation in Answer ¶¶ 3 and 5 of the form of disclaimer permitted by Fed. R. Civ. P. ("Rule") 8(b)(5)[1] with an impermissible locution: a statement that Bright Street "therefore, denies these allegations." But it is of course oxymoronic for a party to assert (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation, then proceed to <u>deny</u> it. Because such a denial is at odds with the pleader's obligations under Rule 11(b), the quoted language is stricken from each of those paragraphs of the Answer.

As for Bright Street's purported ADs, they are flawed in a number of respects:

---

[1] This Court is not of course in a position to make a factual finding as the propriety of the disclaimers themselves.

1. AD 1 not only misuses the equivalent of a Rule 12(b)(6) motion, which if advanced should be posed in substantive terms up front, but it also flouts the basic principle that an AD must accept all well-pleaded allegations of the complaint as gospel (see App'x ¶ 5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001). AD 1 is therefore stricken.

2. In the notice-pleading (rather than fact-pleading) regime that prevails in the federal system, there is no need to attach as exhibits the agreements assertedly breached by Bright Street's noncompliance with its Fund obligations. Hence AD 2 is also stricken.

3. ADs 3, 4 and 5, advanced in purely generic and laundry-list terms, add nothing to the mix. If Fund's allegations are indeed short of the mark in any respects, Bright Street's counsel must flesh out those deficiencies in a meaningful manner so they may be explored appropriately. All three of those ADs are stricken as well.

4. Finally, the purported reservation in AD 6 of a right to advance future ADs is really meaningless. If, as and when any such flaws may become apparent in the future, Bright Street's counsel is free to tender them. That AD is stricken too.

With the offending part of the Answer and all of the ADs thus stricken, this Court sees no need for either side's counsel to return to the drawing board with a curative pleading. If however

either counsel prefers to file something further, this Court would be prepared to entertain an appropriate submission.

_____
Milton I. Shadur
Senior United States District Judge

Date: May 26, 2015